McKinney, J.,
delivered the opinion of the Court.
This is not a case within the act of 1852, ch. 178. And the question is, can the action be maintained upon a proper construction of the act of 1806, ch. 46, § 2 ? The first section of this act provides for the compulsory attendance of witnesses by subpoena before arbitrators, in all cases pending in any of the Courts of this State that may be referred by rule of Court, and likewise to cases pending before justices of the peace that may be referred to arbitration.
The second section provides in like manner for the attendance of witnesses in cases referred to arbitration by the mere verbal agreement of the parties, where no suit is pending in respect to the “matter in dispute” between them. In cases under the second section, in like manner as under the first section, witnesses summoned to appear before arbitrators are bound to attend in the same manner, and are entitled to all the privileges and compensation, and are subject to the same penalties for non-attendance as witnesses attending in cases before a Court of justice. If, then, perjury may be predicated of the false swearing of a witness under the first section, it is difficult to perceive why it may not under the second section also. And it is no less difficult to perceive why a proceeding under the second section is not as much recognized as being in the nature of a judicial proceeding as under the first: they are alike modes of administering justice and adjudicating matters in dispute between the parties sanctioned by law. And these adjudications, if properly made, are equally conclusive and binding on the parties as the judgments of Courts of record.
*496 But in neither section is there express authority given to the arbitrators to administer an oath to the witness; nor is it declared in either section that the false swearing of the witness shall constitute perjury. Hence it is argued that the statute being silent in these respects, the arbitrators had no lawful authority to administer an oath; and, consequently, that the false swearing of a witness before them would not constitute legal perjury.
It would, as it seems to us, be a most absurd .construction of the statute to hold that the Legislature, in giving the power to compel the attendance of witnesses before arbitrators in the ordinary mode, intended to dispense with the first and principal test and safeguard for the ascertainment of truth — the sanction of an oath. Such an idea cannot for a moment be entertained, and therefore the construction of the statute must necessarily be, that the right and the power to enforce the attendance of witnesses before the arbitrators, implies and carries with it a power to the arbitrators not only to examine the witnesses but to administer a lawful oath to them. A different construction would make the statute alike unmeaning and unavailing for the purpose contemplated. In this view, it results that the false swearing of a witness under the circumstances stated would constitute perjury — all other objections aside.
The rule that a charge of false swearing is not actionable per se, unless it amounts to legal perjury, is a highly technical one, the reason of which is not very apparent, either as respects the moral turpitude of the offence, the motive of the party uttering the charge, or the essential injury to the reputation of the party accused.
*497 It follows that the charge is erroneous; and on this ground the judgment will he reversed and the case remanded for a new trial.